UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SARAH KENNERSON                                       CIVIL ACTION

VERSUS                                                 No. 07-1604

STATE FARM FIRE AND CASUALTY             SECTION I/1
COMPANY

## ORDER AND REASONS

Before the Court is a motion for partial summary judgment, filed on behalf of defendant, State Farm Fire and Casualty Company ("State Farm").[1] Plaintiff, Sarah Kennerson ("Kennerson") has opposed the motion.[2] State Farm seeks to limit Kennerson's damages to those in excess of proceeds she has received from her flood insurer. For the following reasons, the motion for partial summary judgment is **GRANTED**.

### *BACKGROUND*

For purposes of this motion for partial summary judgment, the following facts are undisputed.[3] Kennerson owned a home at 7513 Tricia Court in New Orleans, Louisiana. Two insurance policies covering this property were in effect on August 29, 2005, when Hurricane Katrina struck. First, the property was insured by a National Flood Insurance Program ("NFIP") policy, issued by State Farm, which provided coverage of $119,800 for the dwelling and $25,600

---

[1] R. Doc. No. 32.

[2] R. Doc. No. 37, mem. opp'n.

[3] See Local Civil Rule 56.2.

for personal property.[4] Second, the property was insured by a Homeowners Dwelling Policy, issued by State Farm, which provided coverage of $114,700 for the dwelling, $11,470 for dwelling extension, $86,025 for personal property, and actual loss sustained for loss of use.[5]

During Hurricane Katrina, Kennerson's home sustained damage. State Farm, as flood insurer, reported that the water depth at the home was eight feet.[6] Kennerson, herself, stated during her deposition that the water depth insider her home exceed two feet.[7] On October 14, 2005, State Farm paid, and Kennerson accepted, the policy limits under the flood policy.[8] These payments totalled $119,800 for the dwelling claim and $25,600 for the personal property claim.

On November 18, 2005, State Farm, as homeowners insurer, inspected the property to determine the extent of wind damage. On December 19, 2005, State Farm, as homeowners insurer, issued a check to Kennerson in the amount of $1,885.35 for personal property damage and additional living expense.[9] On December 20, 2005, State Farm, as homeowners insurer, issued a check to Kennerson in the amount of $6,034.76 for dwelling damage.[10]

Kennerson asserts that she filed this lawsuit in August, 2006.[11] However, only the first

---

[4] R. Doc. No. 32-6, ex. B, flood policy.

[5] R. Doc. No. 32-6, ex. A, homeowners policy.

[6] R. Doc. No. 32-7, ex. C, flood activity log.

[7] R. Doc. No. 38-3, ex. I, Sarah Kennerson dep. at 11:6-9..

[8] R. Doc. No. 32-7, ex. D, responses to requests for admission at no. 4.

[9] R. Doc. No. 32-7, ex. G.

[10] R. Doc. No. 32-7, ex. E.

[11] R. Doc. No. 37-2, stmt. of contested material facts ¶7.

supplemental and amending complaint, filed April 5, 2007,[12] and not the original complaint, is contained in the record. On August 28, 2006, State Farm, as homeowners insurer, issued a second check to Kennerson for dwelling damage in the amount of $11,115.76.[13]

State Farm filed its motion on March 24, 2009, seeking a ruling that it is entitled to an offset for prior flood insurance proceeds against any further recovery by Kennerson under the homeowners policy. In other words, State Farm seeks a ruling that, as a matter of law, Kennerson may not recover the "full face value stated in the homeowner's policy," as prayed for in her amended complaint.[14]

*LAW AND ANALYSIS*

**I.     Standard of Law**

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. Celotex, 477 U.S. at 323; Fontenot v. Upjohn Co.,

---

[12] R. Doc. No. 1, am. compl.

[13] R. Doc. No. 32-7, ex. F.

[14] Am. compl. at 4-5.

780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. Id. The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." Id. at 255; see Hunt v. Cromartie, 526 U.S. 541, 552 (1999).

## II. Discussion

Kennerson has not disputed any of the facts material to State Farm's motion. She has not denied that her home was damaged by floodwater or that she received the flood policy limits for dwelling and contents. Instead, she provides legal argument urging this Court to ignore considerable precedent preventing homeowners from recovering twice for the same damage.

A.   *Defendant's Burden of Proof*

Kennerson first argues that, under Louisiana law, an insurer bears the burden of proving a

4

policy exclusion. See, e.g., Dickerson v. Lexington Ins. Co., 556 F.3d 290, 295 (5th Cir. 2009) (holding that once an insured proves that his claim is covered by an insurance policy, "the insurer has the burden of demonstrating that the damage at issue is excluded from coverage"). This uncontroversial proposition is also reflected in Louisiana Revised Statutes § 22:1893(B).[15]

Kennerson argues that granting a flood offset creates an improper incentive for "homeowner's adjusters . . . to simply locate an applicable flood policy, and if one exists, wait months before adjusting the homeowner's claims in direct violation of [La. Rev. Stat. § 22:1892(A)(3)] in the hope and belief that any money received by the claimant from another source would directly reduce the amount the homeowner's insurance needed to pay."[16] The Court declines to consider such argument when it is made in the abstract, i.e., not tied by counsel to any concrete facts or allegations in the case sub judice.

Kennerson further argues that granting a flood offset "means that the homeowner's insurer . . . could meet its burden at trial without calling any witnesses based solely on the fact that the insured received flood proceeds."[17] Again, plaintiff's counsel presents an abstract argument untethered to the facts of this case. Here, Kennerson has admitted that floodwater entered her property and counsel for Kennerson in his response brief has not contested State Farm's evidence that eight feet of floodwater caused damage to her property. State Farm, as flood insurer, reached the same conclusion. Moreover, Kennerson's legal position stands in stark opposition to repeated holdings of this Court that "because insurance policies are contracts

---

[15] Section 22:1893(B) states: "If damage to immovable property is covered, in whole or in part, under the terms of the policy of insurance, the burden is on the insurer to establish an exclusion under the terms of the policy."

[16] Mem. opp'n at 4.

[17] Id. at 4-5.

5

of indemnity, any recovery is subject to offset by payments received under flood insurance policies." Randolph v. Scottsdale Ins. Co., 2008 WL 957494, at *1 (E.D. La. Apr. 7, 2008) (Berrigan, J.); see also Reeves v. State Farm Ins. Co., 2007 WL 2264434 (E.D. La. July 31, 2007) (Berrigan, J.); Esposito v. Allstate Ins. Co., 2007 WL 1125761 (E.D. La. Apr. 16, 2007) (Zainey, J.); Weiss v. Allstate Ins. Co., 2007 WL. 891869 (E.D. La. Mar. 21, 2007) (Vance, J.). The Court declines to ignore these precedents.

Kennerson cites Carter v. Liberty Mutual Fire Insurance Co., No. 07-4576, Doc. No. 37 (E.D. La. June 23, 2008) (Zainey, J.), for the proposition that "an award of flood offset would . . . relieve defendant of its burden of proof for no other reason than the federal government of the United States, not defendant, paid the homeowner money for her destroyed home."[18] The Carter court made no such pronouncement. Instead, that court merely observed that it had "no basis upon which to conclude that the Plaintiff . . . is attempting to recharacterize damages that he previously attributed to flood or to obtain duplicative recovery." Id. at 3. In this case, Kennerson does not dispute that she is attempting to recover on both policies, notwithstanding any prior flood payments. Indeed, that she should be permitted to do so is the crux of her brief. Ignoring Kennerson's inaccurate citation of Carter, its facts are distinguishable from those presently before the Court.

B. *Duty of Good Faith and Fair Dealing*

Kennerson next argues that permitting State Farm a flood offset "arguably gives the defendant a de facto finding that some amounts owed under the insured's structure coverage

---

[18] Id. at 4 (emphasis in original). The Court notes that plaintiff did not provide any case citation for the Carter case. Plaintiff provides a "supra" citation where there had been no prior citation of Carter.

were paid timely, even though that is clearly not the case."[19] She claims that the duty of good faith would be rendered meaningless if the homeowners insurer could rely on prior payments by a flood insurer as the requisite timely payment mandated by state statute.

Again, Kennerson engages in abstract, hypothetical argument unrelated to any concrete allegations of this case. Furthermore, the statute imposing the duty of good faith and fair dealing, La. Rev. Stat. § 22:1973, imposes that duty on a particular insurer. It would not appear that a homeowners insurer which violates the statute may rely upon the good faith of the flood insurer to escape liability. If Kennerson is able to show a violation of § 22:1973 by defendant State Farm at trial, then she will be entitled to the remedy provided by that statute. In the meantime, the hypothetical argument she proposes is rejected.

    C.    *Lack of Contractual Basis*

Kennerson argues that no provision of the homeowners insurance policy at issue mentions a flood offset. She asserts that [t]he law of Louisiana is clear that when there is no mention of offset, offset cannot be produced, inferred, or created."[20] Kennerson's position is difficult – indeed impossible – to reconcile with prior rulings of this Court, stating that "because insurance policies are contracts of indemnity, any recovery is subject to offset by payments received under flood insurance policies." Randolph v. Scottsdale Ins. Co., 2008 WL 957494, at *1 (E.D. La. Apr. 7, 2008) (Berrigan, J.). Anticipating Kennerson's argument that it "would be absurd" to permit a flood offset when an insured has paid premiums on two insurance policies, Judge Berrigan "recognize[d] the apparent inequity in paying separate premiums for flood

---

[19] Id. at 5.

[20] Id. at 8.

coverage and wind coverage and yet receiving what amounts to shared recovery under circumstances such as those presented in this case." Id. at *1 n.1. However, Judge Berrigan also went on to explain that the "apparent inequity" results from "an anomaly created by the fact that homeowners' policies do not usually cover flood loss and, to be sure of the coverage for all contingencies, both policies are needed." Id. This analysis makes clear that the existence of a separate insurance policy, covering los excluded by the homeowners policy, is the justification for the offset. This Court declines to adopt Kennerson's novel position.

        D.       *NFIP's Right to Reimbursement*

Kennerson next argues that NFIP may reclaim any prior flood payments in the event that she recovers from the homeowners insurer. First, Kennerson cites no authority for this right to reimbursement. Second, the argument itself acknowledges that a plaintiff is not entitled to double recovery; otherwise, why would NFIP be allowed to compel reimbursement from a plaintiff who prevails against her homeowners insurer? Third, Kennerson submits no evidence that NFIP intends to exercise its discretionary right to audit and seek reimbursement following trial of this matter. This argument is, therefore, rejected.

        E.       *No Equitable Remedy without Ambiguous Policy Provision*

Kennerson argues that because the insurance policy has no ambiguous provision, the Court should not reach the equitable remedy of a flood offset. The Court declines to import a decision of the Nevada Supreme Court, Phelps v. State Farm Mut. Auto. Ins. Co., 917 P.2d 944 (Nev. 1996), construing offset provisions in an uninsured motorist policy into its analysis of a settled area of Louisiana law addressing Hurricane Katrina litigation.

### F. *Summary Judgment is Premature*

Finally, Kennerson argues that summary judgment is inappropriate because "there are issues of material fact," specifically whether State Farm has met its burden of proving the flood exclusion. However, Kennerson does not dispute the material facts that entitle State Farm to an offset for prior flood payments. She has not disputed that she was paid policy limits by her flood insurer for damage caused by Hurricane Katrina. Nor has she asserted that the claims she now makes are for different damage.

### III. Conclusion

State Farm has demonstrated that no material fact exists with respect to whether it is entitled to an offset for prior flood payments. Of course, this does not mean that plaintiff cannot recover at trial. If she can identify damage for which she has not been compensated, and which State Farm cannot show was caused by an excluded peril, then she may recover for that damage.

Accordingly,

**IT IS ORDERED** that State Farm's motion for partial summary judgment is **GRANTED**.

New Orleans, Louisiana, April 27, 2009.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**